UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| METH LAB CLEANUP LLC., a domestic limited liability corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SPAULDING DECON, LLC, a foreign limited liability corporation, and LAURA SPAULDING, individually,<br><br>　　　　　　Defendants. | Case No. 2:10-CV-00193-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

　　　　On October 25, 2010, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation (Docket No. 51) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 51) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket No. 7) be **GRANTED IN PART AND DENIED IN PART** as follows:

The Defendants' Motion to Dismissed is **DENIED** and Defendants' Motion to Transfer Venue is **GRANTED**.

The Clerk of the Court is directed to transfer this case to the United States District Court for the Middle District of Florida and the District of Idaho case will be administratively terminated.

DATED: **January 10, 2011**

Honorable Edward J. Lodge
U. S. District Judge